JAMES ARDEN BARNETT, Commissioner for the Court:[1]
By order of the Mississippi State Tax Commission, the appellee, Holcomb Asphalt Company, Inc. (Holcomb herein), was assessed taxes in the amount of $36,473.37 under the authority granted in Mississippi Code Annotated, Section 27-65-21 (1972), which levies a two and one-half percent contractor’s tax on compensation received for contracting or, among other things, engaging in the activity of paving or repairing streets and highways within the State of Mississippi. The Commission’s order was appealed to the Chancery Court of the First Judicial District of Harrison County. The chancellor thereupon, finding that the transaction between Holcomb and the City of Gulfport and Harrison County amounted to a sale rather than a contracting activity, determined that the tax was wrongfully imposed.
The City of Gulfport and Harrison County each invited annual bids on a number of things which were purchased from time to time throughout the year and Holcomb entered bids for asphalt with one price being for asphalt picked up at the plant by the City of Gulfport, and the other price being an additional amount for the asphalt “in place” or in other words where Holcomb actually delivered the asphalt to the site and applied it to the street. In 1971 the bid gave a single price for “in place” asphalt, but in 1972 the bids specified a price f. o. b. the company plant and also quoted an additional price of $3.10 for the asphalt put “in place.” This was an attempt to make the transactions either a straight sale at the asphalt plant or a straight sale of asphalt plus the sale of services in addition to the purchase of the asphalt for the placing of the asphalt in the appropriate holes in the street.
Section 27-65-21, Mississippi Code Annotated, (1972) provides in its pertinent parts:
(1) Upon every person engaging or continuing in this state in the business of *1108 contracting or performing a contract or engaging in any of the activities or similar activities listed below for a price, commission, fee or wage, there is hereby levied, assessed, and shall be collected a tax equal to two and one-half percent of the total contract price or compensation received from construction ... repairing ... or adding to any building, highway, street, sidewalk . any other improvement or structure or any part thereof when the compensation received exceeds ten thousand dollars. The tax imposed in this section is levied upon the prime contractor and shall be paid by him.
Because the bid of the appellee was an annual bid, no quantities were specified or times specified for deliveries thereof. Ap-pellee’s executive vice-president testified,
“The City Commissioner would call me in and say that he had a certain street where they were having real problems, you know, tearing to pieces, and he would ask me to get with his road superintendent and go over the street and pave it or resurface it as a rule. Most of the streets, you know, are just old asphalt and they were re-surfaced.”
The Gulfport Commissioner of Public Works testified that his duties included seeing to repairs and maintenance of streets in the City of Gulfport. He testified,
“My street superintendent and I would go out and we would check over the worst streets and in fact, we kept a list of the worst streets, and we would decide what we would do with this money [maintenance money] and my superintendent stayed in touch with asphalt companies, and they would take them out— for instance, maybe we would have four or five intersections that needed patching and repaired [sic] and we would take them out and show them this intersection, and they would go in and repair it, and then we would take them to the next intersection. Sometime, we would have a rather long run, maybe a couple thousand feet of road and then maybe the next time maybe we would get a short, short area. What we were trying to do was take the money that was available and resurface the roads as best we could.”
He also testified that for a long time the City of Gulfport bought the asphalt at the plant, used its own trucks and asphalt spreaders, and kept trained men to do the work, but “ . . .we had trouble keeping our equipment going and then we had trouble keeping qualified, skilled men that could do the work.” The City of Gulfport and Harrison County developed the system used of accepting annual bids for the asphalt “in place” because it was easier and no doubt cheaper than engaging in individual contracts for repair work. This would have entailed hiring architects, developing specifications, advertising for individual contract work.
However, Section 27-65-21 must be reckoned with. The section states that if a person engages in the activity of repairing streets and if the compensation for doing so is more than ten thousand dollars, then the tax imposed upon said prime contractor in the amount of two and one-half percent must be paid. The bids were carefully drawn and accepted so as to show a purchase of asphalt mix and a purchase of services in putting the asphalt in place or delivering it; nevertheless, it is impossible to get around the fact that however artfully described in the bids, the bottom line amounts to repair of streets as described in Section 27-65-21. What was required of Holcomb was not simply to deliver the asphalt mix and dump it out in a hole or on a street. Holcomb was preparing the mix, putting it in trucks and delivering it to the site indicated by the city or county, sweeping or cleaning the hole or the surface of the damaged street, coating it with a tacking preparation, applying the asphalt mix to the proper depth, spreading and compacting it, and preparing it for weather and traffic. The witnesses testified that it took skilled and trained men to apply the asphalt and repair the streets.
If the activity described was no more than a sale and did not amount to repairing the streets, then of course the tax would, *1109 under other sections, be five percent, but also under other sections would be exempt as being a sale to a governmental entity. However, it seems clear that notwithstanding the fact that the transaction was labeled a simple sale of goods and services, it must be laid alongside the provisions of Section 27-65-21 where it becomes apparent that the goods and services described amounted to the activity of repairing streets and must be taxed thereunder. The decision of the court below was manifestly in error and must be reversed. It is necessary that the cause be returned to the court below for a determination of how much, if any, tax is due on compensation received by the appellee in excess of the ten thousand dollar exemption.
REVERSED AND REMANDED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.